Hat, Judge,
delivered the opinion of the court.
This is a suit brought by the plaintiff against the United States to recover the value of certain alleged savings on certain materials furnished by the United States to the plaintiff.
On June 12, 1917, the plaintiff entered into a written contract with the United States whereby it agreed to manufacture certain garments out of materials furnished it by the United States. By the terms of this contract the plaintiff *85 was to receive material from time to time and was to manufacture the garments provided for in the contract. The contract provided that certain allowances should be made for said garments and the plaintiff was not to exceed those allowances, and any materials unused within the allowances were to be returned to the defendant. In performing this contract the plaintiff was bound to exercise due care in the cutting of the materials furnished and was to be charged with any quantities of material issued in excess of the allowances provided for.
On October 10, 1917, after the contract had been in part performed another contract was entered into between the parties, whereby the contract of June 12, 1917, was so modified as to provide that the plaintiff should use “ best efforts to avoid all possible waste ” in cutting textile materials furnished by the United States for use in the manufacture of garments. For the additional work and special care so involved the plaintiff was to “ be paid as separate compensation and premium an amount equal to twenty per cent of the net cost price of such Government-owned materials to the extent of the savings in uncut yardage on comparing the quantities actually used in the cutting with the allowances for the purpose listed in the accompanying schedules— the material of the yardage, so saved to remain the property of the United States.”
The plaintiff bases its right to recovery upon the provisions of the contract of October 10, 1917, and claims that it saved in the performance of that contract the amount of materials set forth in its petition.
It has included in its alleged savings all materials returned by it to the United States under the contract of June 12, 1917. Before the supplemental contract was entered into the plaintiff had performed a part of its contract entered into on June 12, 1917, and had used in the manufacture of the garments therein provided for some of the materials furnished it by the United States. It does not appear what amount of materials had been used by it between June 12, 1917, and October 10, 1917, the date of the supplemental contract. Evidently that supplemental con *86 tract can not apply to materials cut and used before its date. It does not appear wliat amount of materials were used after October 10, 1917, nor what amount of them was saved after that date.
If entitled to recover at all under the supplemental contract the plaintiff is only entitled to recover for the value of the materials saved by it as a result of its extra care under that contract. It must show its savings under the contract upon which it relies. It must differentiate between the savings which it made under the supplemental contract and the savings which it would have made under the original contract; for under the original contract it was bound to exercise reasonable and proper care in its use of the materials furnished it by the United States; and it is a significant fact that the plaintiff returned a larger per cent of materials to the United States under a contract which did not provide for a premium than it returned under the contract providing for a premium. There is no evidence to show to what extent savings were made under the supplemental contract. To entitle the plaintiff to recover it must show definitely how much material was saved by reason of the contract upon which it sues, and, having failed to do that, there is nothing upon which the court can give judgment. The court can not indulge in guesswork.
Our attention has been directed by the Government to another phase of the case. That is, that the contract of October 10, 1917, was void for the want of consideration. Without at this time passing upon that question it may not be amiss to say that contracts of this character will not be looked on with favor by the court. The contract in question imposed no additional obligation on the plaintiff, while it did bind the Government to pay the plaintiff for something which the plaintiff was bound to do under the original contract. Officers of the Government are not expected nor can they contract for premiums to be paid by the United States on contracts which in themselves bind the parties to do what the premium is offered for. It may well be determined that such contracts are void, not only for want of consideration, but also as being against public policy.
*87 The test in such cases is whether or not there was any benefit to be derived by the United States from the execution of the supplemental or modified contract. In the case at bar no such benefit is provided for in the supplemental contract.
For the reasons above given the petition of the plaintiff must be dismissed, except as to the item of $535.89 interest erroneously charged against it.
It is so ordered.
GRAham, Judge; DowNey, Judge, and Campbell, Chief Justice, concur.