Hay, Judge,
delivered the opinion of tbe court:
In July, 1918, the plaintiffs entered into three contracts with the United States whereby they agreed to manufacture certain garments for the use of the soldiers of the United States in the war with Germany. Under these contracts the plaintiffs manufactured and delivered to the United States certain of these garments, the contract price of which was the sum of $16,737.17. That this sum is due and owing to the plaintiffs by the United States under these contracts is not disputed. But the United States claims that under another contract with the plaintiffs the plaintiffs were paid by mistake the sum of $16,162.17, and that there is only due to the plaintiffs on the aforesaid three contracts the sum of $574.59.
The plaintiffs on June 29, 1917, entered into a contract in writing with the United States whereby they agreed to deliver a certain number of overcoats and service coats to the United States, which were to be manufactured from materials furnished by the United States. After the execution of this contract an amended contract was entered into between the parties, which was made a part of the contract of June 29, 1917, and which was executed on October 10, 1917, by the terms of which the plaintiffs agreed that in cutting textile materials furnished by the United States for use in the manufacture of garments under the contract of June 29, 1917, they would use best efforts to avoid all possible waste. The amended contract having recited that it was to the interest of the United States that the contract of June 29, 1917, be modified; it also contained the following clause: “For the additional work and special care so involved the contractor shall be paid as separate compensation an amount equal to twenty per cent of the net cost price of such Government-owned materials, to the extent of the savings in uncut yardage on comparing the quantities actually used in the cutting with the allowances for the purpose listed in the accompanying schedules. The material of the yardage so saved to remain the property of the United States.” The garments under the contracts were delivered to the United States, the contract was fully executed, and the plaintiffs were paid the contract price as *518 separate compensation under the contract of October 10, 1917, Jthe additional sum of $16,162.17. The contracts in suit had nothing to do with the aforesaid contracts of June 29, 1917, and October 10, 1917.
Ordinarily, as between private parties, if a contract has been executed voluntarily and with full knowledge of the facts, and the money has been paid, it can not be reclaimed upon the ground that the contract is without consideration or that it was paid through a mistake of law. But where the contract is between an officer of the Government and a private party the rule is different. It is said by the Supreme Court of the United States in the case of Wisconsin Central Railroad Co. v. United States, 164 U. S. 190, 210: “As a general rule, and on grounds of public policy, the Government can not be bound by the action of its officers, who must be held to the performance of their duties within the strict limits of their legal authority, where, by misconstruction of the law under which they have assumed to act, unauthorized payments are made. The question is not presented as between the Government and its officer or between the officer and the recipient of such payments, but as between the Government and the recipient, and is then a question whether the latter can be allowed to retain the fruits of actions not authorized by law resulting from an erroneous conclusion by the agent of the Government as to the legal effect of the particular statutory law under or in reference to which he is proceeding.”
It is well settled that the parties receiving moneys illegally paid by a public officer are liable to refund them.
In this case the Government claims that the contract of October 10, 1917, was without consideration and therefore invalid, and that the amount paid to the plaintiffs under it can be recovered. If the contract was void for want of consideration and as being against public policy the sum paid to the plaintiffs under it was illegally paid and the plaintiffs must refund it.
Contracts of this character will not be looked on with favor by the court. J. J. Preis & Co. v. United States, 58 C. Cls. 81, 86. But the court in that case did not undertake to include all contracts of this character in its gen *519 eral statement. It specifically said that “the test in such cases is whether or not there was any benefit to be derived by the United States from the execution of the amended contract.” Each case' must be decided upon the facts proved and the circumstances surrounding it. If in this case the contract was valid, and the United States derived a benefit from its execution, then the payment which was made to the plaintiffs was a valid payment, the officer in making it committed no mistake and came to no erroneous conclusion as to the legal effect of the contract.
We think the facts in this case clearly show that the United States derived a benefit from the execution of the contract, that the contract was justified by the circumstances attending its making, and that the plaintiffs did additional work, gave special care, and incurred expense which they were not obliged to do under the original contract of June 29, 1917. The facts supporting this conclusion are fully set out in the findings, and it is not necessary to repeat them here.
Judgment will be entered for the plaintiffs in the sum of $16,737.11. It is so ordered.
Graham, Judge; DowNey, Judge; Booth, Judge; and CaMpbell, Chief Justice, concur.