Campbell, GMef Justice,
delivered the opinion of the court:
The plaintiffs entered into a contract with the Government to make 400,000 shirts at a stated price, the Government to furnish the flannel, jeans, and buttons. One of the requirements related to the amount of material allowed to the shirt, and this was specified. The finished shirts, together with all ends, remnants, and cuttings, were to be delivered at the New York depot of the Government. Another contract, referred to as supplemental contract, was also *424 executed, which provided that the plaintiffs should “use best efforts to avoid all possible waste,” and that for the additional. work and special care so involved they would be paid “ as separate compensation and preminum an amount equal to 20 per cent of the net cost price of the Government-owned materials, to the extent of the savings in uncut yardage on comparing the quantities actually used in the cutting with the allowances fpr] the purpose listed in the accompanying schedules.” The shirts were manufactured, delivered, and paid for. There was a large saving in material effected by the methods and care used by plaintiffs, they having made shirts that met all requirements with much less cloth per shirt than the allowance authorized by the specifications. The 20'per cent of the net cost price of the material saved was not paid by the Government though demanded by the plaintiffs, and it is for this compensation that suit is brought. The Government contends that the supplemental contract is without consideration and against public policy. One of its recitals is that it was believed that considerable yardage in cloths furnished by the Government to contractors had been lost to the Government by careless and inefficient cutting, resulting in a material reduction of the saving in uncut cloth returned to the Government, and that to encourage painstaking cutting from patterns furnished the contractors it was to the interest of the United States to modify the original contract, and it was modified in the particulars mentioned.
We have had occasion to consider the effect of a supplemental contract containing similar provisions to the one in this case, and it was held that the supplemental contract was valid. See Cohen, Endel & Co. case, decided April 13, 1925, 60 G. Cls. 513. The benefits accruing to the Government, as well as the additional expense incurred by plaintiffs in effectuating the saving of Government-owned material beyond that contemplated by the contract, furnish sufficient consideration for a supplemental contract. The facts of the instant case furnish an additional reason for our conclusion that did not appear in the case just cited. When plaintiffs proposed to make 400,000 shirts instead of 300,000 *425 named in the call for bids, it stated as one of the conditions of its proposal that the contract should include the provisions for compensation for savings that were in a supplemental contract which it was then working under, and wer.e the same as those in the so-called supplemental contract in this case. The first contract in this case bears date November 23, and. the additional contract bears date December 10. The exact dates of their execution do not appear, but one appears to have been executed for the Government in Philadelphia or New York and the latter in Washington. Both of these instruments were, however, in plaintiffs’ possession and duly executed long before the Government had furnished any material or the plaintiffs had begun the work. The contract was, therefore, entirely executory. Surely the parties had the right to make the contract express the agreement between them, and it required no fresh consideration to support an instrument thus designed. See Savage Arms Corporation case, 266 U. S. 217, 220. What we have characterized as a contract and a supplemental contract, in order to refer to them, may very well be held to constitute one contract; they should be read together, and when this is done there can be no doubt of plaintiffs’ right to recover. Judgment should be rendered for the 20 per cent allowed by the contract. And it is so ordered.
Graham, Judge; Hat, Judge; Downet, Judge; and Booth, Judge, concur.