Graham, Judge,
delivered the opinion of the court:
On November 5, 1917, plaintiffs executed a contract with the defendant for the manufacture and delivery on or before January 31, 1918, of approximately 20,000 pairs of smoked d egrainp.fi horsehide gauntlets, with suede cuffs. They were not the regulation gauntlets used by the War Department.
Prior to entering into this contract plaintiffs were solicited by defendant’s representative to take a contract for the man *118 ufacture of regulation gauntlets at $3.00 per pair. This they declined to do, for the reason that they did not have the material necessary therefor, but offered to make gauntlets of khaki smoked degrained horsehide, with suede cuffs, for $3.50 per pair. These were more expensive gauntlets, the materials for the manufacture of which plaintiffs had on hand. The plaintiffs at this time had four contracts with the defendant for the manufacture of gauntlets. The latter were badly needed, and defendant wished to avoid delay in delivery under these four contracts and at the same time secure the gauntlets involved in the contract in this case as speedily as possible. Defendant’s representative agreed to pay plaintiffs $3.50 a pair for gauntlets delivered in December, 1917, and $3.45 a pair for those delivered in January, 1918, delivery to be made at the Quartermaster’s Depot, Philadelphia. The Government’s representative stated that the contract would be prepared in different form than usual, and as drawn it stated the price per pair at $3.00 plus a premium of 50 cents for gauntlets delivered in December and 45 cents for those delivered in January.
It was clearly the intention and agreement of the parties to pay plaintiffs as consideration for the delivery of the gauntlets in December $3.50 per pair, and for the delivery in January $3.45 per pair. The Government was to receive as its consideration a higher priced gauntlet than the regulation one, and a prompt and speedy delivery during December and January, these deliveries not to interfere with the contracts which the plaintiffs then had for the delivery of other gauntlets; and the delivery of the latter was not interfered with. A large part of the gauntlets involved in this case were delivered in December and January, and as to these the plaintiffs are entitled to recover.
It will be readily seen that under the terms of the contract, if the plaintiffs failed to deliver the gauntlets on or before the 31st of January, they could only claim on the basis of $3.00 a pair. There was no provision in the contract for liquidated damages for failure to deliver within the time fixed by the contract, and it seems that the representative of the War Department felt that he did not have authority to include a penalty clause. The provisions for *119 delivery in December and January gave assurance to the Government of speedy delivery.
The use of the word “ premium ” in this contract is an unusual application of the word. Under the facts of the case it clearly does not mean a gratuity. The use of this word in the contract and the fact that two bases of payment are named render it necessary to refer to the circumstances surrounding the parties prior to and at the time the contract was made, and previous negotiations, in order to discover the true intention; and, as stated, the true intention was to pay the plaintiffs on the basis of $3.50 a pair for gauntlets delivered in December and $3.45 for those delivered in January.
The case of J. J. Preis & Company v. United States, 58 C. Cls. 81, 86, relied upon by the defendant, is not in point. In that case the plaintiff had entered into a contract with the United States to make certain garments for a price named from cloth furnished by the latter. Some months after this contract was executed another contract was entered into providing that if the plaintiff would make a special effort to avoid all possible waste in cutting the material furnished by the United States, it would receive, for the additional work and care involved, a further compensation of twenty per cent of the net cost of the material saved. The court held as follows:
“ There is no evidence to show to what extent savings were made under the supplemental contract. To entitle plaintiff to recover it must show definitely how much material was saved by reason of the contract upon which it sues, and, having failed to do that, there is nothing upon which the court can give judgment.”
This is the ground upon which the case was decided. The court in its opinion alhided to the question presented, that the last contract was void for want of consideration, saying:
“ Without at this time passing upon that question it may not be amiss to say that contracts of this character will not be looked on with favor by the court.”
In the Preis case two contracts were involved. Under the first the plaintiff was obligated to do certain work for a *120 fixed price. The second contract was an agreement to pay him in addition to the original consideration further compensation for the same work. That is not true of the case before us. The question here is, What was the consideration passing to the plaintiffs in the contract? To say that the 50 cents a pair additional to be paid for gauntlets delivered in December and the 45 cents additional for those delivered in January were gratuities is to beg the question. In the Preis case it was admitted that the contract price for the work had been fixed in the first contract, while here the question is, What was the intention of the parties as to the contract price? What was the consideration moving from the defendant to the plaintiffs — was it $3.00 per pair for the gauntlets or $3.50 for those delivered in December and $3.45 for those delivered in January? That is the question presented. If it must be admitted at the outset that the contract price of $3.00 was the consideration, there is nothing to decide. That would dispose of the case and make the additional sums payable in December and January mere gratuities. The case is thus easily distinguishable from the Preis case.
As to the gauntlets delivered to the American Express Company and shipped during January, but which reached the defendant after the 31st of that month, under the facts it must be held that the plaintiffs can not recover more than $3.00 a pair. This is in conformity with the finding of the Contract Adjustment Board, whose opinion shows a very careful consideration of all the facts and of the questions of law involved. This decision was approved by the legal advisers of the Secretary of War and in turn approved by him. The plaintiffs accepted this decision, a voucher was issued to them for the amount stated, and they indorsed and forwarded it for payment. The Auditor for the War Department stopped payment thereon, plaintiffs appealed to the comptroller, and the position of the auditor was sustained.
The plaintiffs are entitled to recover the sum of $6,909.65, for which judgment should be entered, and it is so ordered.
Moss, Judge; Hat, Judge; and Campbell, Chief Justice, concur.
Booth, Judge, dissents.