Whaley, Judge,
delivered the opinion of the court:
This is a suit on an express contract to recover the sum of $38,571.25. The plaintiff entered into a contract with the defendant on June 9, 1920, whereby it agreed for the sum of $1,003,737.50 to (1) design, construct, assemble, and deliver to the defendant 20 new type Martin bombing airplanes (known as the GMB'-2), in accordance with specifications furnished by the defendant; (2) furnish and deliver a complete set of clear and legible working, paper Vandykes of the first airplane, a final analysis of design, a complete set of clear and legible working, paper Vandykes, and a bill of material of the twentieth airplane; all of the above-mentioned sum was to be paid upon the acceptance of the last airplane saving and excepting $5,000 which was to be paid upon acceptance of the final analysis of design, complete set of working, paper Vandykes, and bill of material of the last airplane; and (3) at stated unit prices which amounted eventually to about $182,000 to construct, assemble, and deliver certain spare parts for said airplanes.
The contract defined the term “complete set of working, paper Vandykes” as a clear and legible set of Vandykes or tracings of the final drawings from which the airplane has been constructed, to a definite scale, and of such a nature that a constructor of airplanes could reproduce the airplane in limited quantities.
In addition to the sums above mentioned to be paid the contractor (Article Y) there was provided in Article VI a contingent fee reading as follows:
(2) (a) It is understood by both parties hereto that the consideration named in Article V hereof is not of *60 itself sufficient to induce the Contractor to undertake the work herein contracted for, without the possibility of additional remuneration from the Government. It is therefore agreed that one of the considerations of this Contract is said element of possibility of additional remuneration, which is, at the same time, calculated to afford every encouragement to the Contractor to expend its best efforts to make the articles herein cqntracted for so superior to the contract requirements that a material contribution will thus be made to the science and art of Aviation and as the result of which the Government will consider it advisable to reproduce such articles in quantity. The Government therefore [sic] agrees that should it, after the delivery and acceptance of the articles herein contracted for, manufacture, or have manufactured for it, additional articles of such design, it will pay the herein-named Contractor an amount equal to two percent (2%) of the price paid by the Government for the first fifty of such articles, one and one-half percent (1V2%) °f the price paid for the second fifty of such articles, and one percent (1%) of the price paid for all other such articles; provided., that the aggregate of all such payments shall in no event exceed $50,000. (In the event of Government manufacture, the manufacturing cost shall be used as the basis upon which to compute these percentages instead of the contract price.) Such payments shall also constitute full and final compensation for, and shall be in full satisfaction of, all claims and demands of the Contractor against the Government or those acting for the Government as agent, contractor, or otherwise, arising out of or by reason ox, the use or infringement-of patents and/or other rights, if any, of the Contractor, or those in privity with the Contractor, affecting the manufacture, use, or sale of such additional articles.
The original contract was supplemented by other agreements which in no way affect the contract under consideration and only added to the increased compensation which the contractor would receive for furnishing articles not mentioned in the contract.
The plaintiff completed all the work called for by the contract and the 20 airplanes were accepted and full payment has been received by the plaintiff for the planes produced by it and $5,000 for the delivery of the Vandykes or tracings for the final drawings.
*61 In the years 1921 and 1922 the defendant contracted with three airplane companies for the construction of Martin Bombing airplanes and at the same time furnished them each with a complete set of working, paper Vandykes, analysis of design, and bill of material of the GMB-2 Martin Bombing airplanes together with one of the first six airplanes constructed for and delivered to the defendant by the plaintiff under the contract in this suit. The defendant received from these contractors 110 airplanes for which it paid the sum of $2,277,250.00. The plaintiff made claim under Article VI for the percentage it was entitled to receive on the manufacture of airplanes according to its design, plan, and drawings and the matter was submitted to the Comptroller General who first approved and then disapproved the payment of this claim.
The sole question for decision in this case is whether the plaintiff is entitled to recover the contingent fee when it has shown that the conditions under which it was payable have been fulfilled, viz, that it has completed its original contract and the Government has used its design and drawings in the manufacture of a large number of other planes. The amount is not. in controversy. The Government contends that there was failure of consideration for this contingent fee, the plaintiff having received payment for the planes manufactured by it and also for its designs. It is needless to say that if the Government’s contention is correct there can be no recovery. The answer to the assertion of lack of consideration is stated in the contract itself and in the very Article under consideration. It is there plainly set out that the consideration was the manufacture of the 20 airplanes and the designing and drawing of the Vandykes, etc., was insufficient “to induce the contractor to undertake the work herein contracted for, without the possibility of additional remuneration from the Government.” It is further stated as one of the considerations of the contract that this additional remuneration is “calculated to afford every encouragement to the contractor to expend its best efforts to make the articles herein contracted for so superior to the contract requirements that a material contribution will thus be made to the science and art of aviation *62 and as the result of which the Government will consider it advisable to reproduce such articles in quantity.” The Government was experimenting in airplane designs and was desirous of procuring a design of a bombing plane which could be manufactured in quantity production. The facts show that the Government did consider the articles such a material contribution to the science and art of aviation and so satisfactory that it ordered and had reproduced over 100 planes from the design and Vandykes which were furnished by the plaintiff. The very wording of this article shows that it was a part and parcel of the consideration of the contract, and, if it had not been agreed to, the Government would probably have had to pay a much higher price for the planes manufactured by the plaintiff. There is no question of royalty involved. There is no claim that the design or any part thereof was patented. The claim is one under contract, and the Government has received the benefits and now refuses to pay. It has been held by this court that a contingent fee is valid where there has been a valuable consideration therefor and the contractor has performed his part of the contract. F. Jacobson & Sons v. United States, 61 C. Cls. 420; and Cohen, Endel & Co. v. United States, 60 C. Cls. 513.
The plaintiff is entitled to recover the sum of $38,571.25. It is so ordered.
Williams, Judge; GREEN, Judge\ and Booth, Chief Justice, concur.
LittletoN, Judge, did not hear this case and took no part in its decision.