Littleton, Judge,
delivered the opinion of the court:
The amounts making up the total of $1,334.99 sued for by plaintiff admittedly became due and payable to plaintiff on December 27, 1923, and March 8, 1926, respectively, and the only question is whether the defendant has sustained its counterclaim for a total of $5,930.96. Under the facts in this case and the decisions of this court, the counterclaim cannot be sustained. On June 7 and June 27,1917, the War Department, through the Quartermaster General, entered into two contracts with plaintiff for the manufacture of a certain number of army uniforms and the United States, under such contracts, agreed to furnish plaintiff a certain amount of material for the manufacture of such uniforms. In October 1917 the War Department, through the Quartermaster General, decided that it was to the best interests of the United States to enter into certain agreements with plaintiff supplemental to the two contracts mentioned, requiring of plaintiff additional work and exercise of especial skill and care in the cutting of the cloth called for by the original contracts and furnished by the Government for the manufacture of the number of uniforms specified in. the original contracts. These supplemental contracts did not provide or call for payment by the defendant to plaintiff *332 of any amount for work required to be performed under any requirement of the original contracts for' the manufacture of uniforms, but provided that in return for the additional •work, special care, and skill to be performed by plaintiff in cutting the material so as to effect a material saving to the United States in uncut yardage in the piece goods Called for and furnished by the Government under the original contracts the Government would pay plaintiff, ás compensation for such additional work, special care, and skill, an amount eqiial to' 20 per centrum of the net cost price to the Government of such Government-owned textile materials to the extent of the savings in uncut yardage in the piece on comparing the quantities actually used in'-the cutting with the allowances under the original contracts for the purpose listed in certain schedules. The total yardage of material saved, by the exercise of the additional work arid special care was to remain the property of the United States.
,., Plaintiff ¡fully performed the original and supplemental contracts in accordance with the terms and conditions thereof and .after completion of the contracts and the acceptance of the work it filed with the War Department evidence of the savings effected under and in accordance with the terms of the supplemental contracts. After consideration thereof and after, .an investigation and audit, the War Department determined and decided that there was due plaintiff the sum of. $5,930.96 at the rate specified in the supplemental contracts for the savings in uncut cloth called for and furnished By .the Government under, the original .contracts. That amount was. duly allowed and paid to plairitiff June 11,1919. Thereafter, in 1921, a further examination, and audit of the original and supplemental contracts and of plaintiff’s books and records was made by the Government which extended over, a period of six weeks and the allowance and payment of the amount mentioned for the savings in cloth effected by plaintiff on the supplemental contracts were found to be in all respects correct. The supplemental contracts were not voidi They expressed a valid consideration of the additional work and special care by plaintiff which was performed arid, the Government received a real and substantial benefit in *333 the savings in cloth which the Government had agreed to furnish under the original contracts which the plaintiff, under such original contracts, was free to use in whole in cutting the uniforms to be manufactured under such contracts. Cohen, Endel & Co. v. United States, 60 C. Cls. 513; Jacobson & Sons v. United States, 61 C. Cls. 420; Burke & James, Inc. v. United States, 63 C. Cls. 36.
The defendant has submitted no competent proof in support of its counterclaim that any overpayment was made to plaintiff under the valid supplemental contracts.
Judgment will fee entered in favor of plaintiff for $1,334.99 with interest on $334.99 from February 18, 1924 and on $1,000 from March 8, 1926, to March 3, 1933. It is ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.
ORDER
This case comes before the court on defendant’s motion for a new trial, in which motion the point is raised for the first time that the; petition should be dismissed for the reason that the claim accrued more than six years prior to the filing of the petition in the Court of Claims; and it appearing from the special findings of fact' filed herein May 1, 1939, that the claim accrued in part on December 27, 1923, and in part on March 8, 1926, and that the petition was filed October 24, 1932: It is ordered, This 2d day of October 1939, that defendant’s said motion for a new trial be and the same is allowed; that the judgment', heretofore entered in favor of plaintiff be vacated and withdrawn, and that the petition be dismissed.
Judgment is now entered against the plaintiff in favor of the United States for the cost of printing the record in this cause, the amount thereof to be entered by the clerk and collected by him according to law.
It is further ordered that the opinion of the court filed herein May 1, 1939, be and thé same is modified tó show the dismissal of the petition instead of judgment for the plaintiff.